UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNDRANECKIO DESMOND BRASSFIELD                                              PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 3:14CV405-WHB-RHW

BRENDA SIMMS                                                                DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Respondent's Motion to Dismiss Undraneckio Desmond Brassfield's 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. [7]. Respondent argues that Brassfield filed his § 2254 petition beyond the one-year limitation period provided in the AEDPA; therefore, it is untimely. Brassfield does not dispute that his petition is untimely, but he argues that the time for filing a § 2254 petition should be subject to equitable tolling.

Following a trial by jury, Brassfield was convicted and sentenced on a multi-count indictment of carjacking, kidnaping, and armed robbery. Doc. [7-1]. The trial court entered judgment on June 12, 2003. *Id.* Brassfield filed an appeal from the conviction and sentence, which the Mississippi Court of Appeals affirmed by order dated November 30, 2004. Doc. [7-2]; *Brassfield v. State of Mississippi*, 905 So.2d 754 (Miss. Ct. App. 2004). Brassfield did not seek further review of his judgment until May 26, 2006, when he attempted to file a motion for post-conviction collateral relief in Scott County Circuit Court, which he attached to a petition for writ of mandamus. Doc. [7-3]. On December 11, 2007 the Mississippi Supreme Court dismissed the petition for writ of mandamus. Doc. [7-5].

Over the years, Brassfield filed numerous other state court motions regarding his conviction and sentence. On February 11, 2008, he filed with the Mississippi Supreme Court a

"Motion for a Leave to Prevent Being Time Barred", which was denied.  Docs. [7-6] & [7-7].  On January 5, 2012, he filed an "Application for Leave to Proceed in the Trial Court", which was denied.  Docs. [7-8] & [7-9].  On July 27, 2012, Brassfield filed a petition for writ of mandamus in the Mississippi Supreme Court.  Doc. [7-10].  That motion was dismissed on August 27, 2013.  Doc. [7-11].  Brassfield filed yet another post-conviction motion on October 30, 2013, which was denied on December 2, 2013.  Doc. [7-12] & [7-13].  Finally, on May 20, 2014, Brassfield filed the instant § 2254 petition.

## LAW AND ANALYSIS

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered judgment on June 12, 2003.  The Mississippi Court of Appeals affirmed the judgment on November 30, 2004.  Brassfield did not file a motion for rehearing in the Mississippi Court of Appeals nor did he seek a writ of *certiorari* in the Mississippi Supreme Court; therefore, his judgment became final fourteen days after his conviction was affirmed, or in this case on December 14, 2004.  *See* Miss. R. App. P. 40(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  Accordingly, in order to be timely under § 2244(d)(1), Brassfield's § 2254 petition needed to be filed no later than December 14, 2005.  Brassfield did not file the instant petition until May 20, 2014.  Consequently, his § 2254 petition is untimely by more than 8 years.  Brassfield did not file a state application for post-collateral relief prior to December 14, 2005; therefore, the one-year limitation period has not been subject to tolling under the statute.

In his response to the motion to dismiss, Brassfield does not dispute the dates outlined in Respondent's motion.  Doc. [8].  Rather, he simply argues that he should be allowed equitable tolling because his constitutional rights were violated.  *Id.*  Specifically, he asserts that he was not allowed to confront witnesses against him, to obtain favorable witnesses through compulsory process, and to have assistance of counsel.  *Id.* at 3.  He also asserts that he "was forced to go to trial without defense".  *Id.*  Contrary to Brassfield's unsupported assertions, the record reflects that he was represented by counsel at trial and that both sides presented evidence and argument at trial.  *See* Doc. [7-1], [7-2] & [7-3].

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2)

3

that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Brassfield fails to identify any extraordinary circumstance that would justify equitable tolling of more than 8 years. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). He fails to explain how any of the alleged constitutional violations mentioned in his response were unavailable to him prior to the expiration of the AEDPA's one-year limitation period. There is no indication that he pursued his rights diligently. Nor does he identify any circumstance that prevented timely filing of the § 2254 petition.

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [7] Motion to Dismiss be granted, and that Brassfield's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed as untimely.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 7th day of October, 2014.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE