```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

**UNDRANECKIO DESMOND BRASSFIELD**                                **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 3:14-cv-405-WHB-RHW**

**BRENDA SIMMS**                                                    **RESPONDENT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge Robert H. Walker. After considering the R and R[1] and the other pleadings in this case[2], the Court finds it should be adopted in its entirety.

### I. Discussion

On June 12, 2003, having been found guilty of crimes including armed robbery, kidnapping, and carjacking, Undraneckio Desmond Brassfield ("Brassfield"), was sentenced in state court as follows: Count VI: Armed Robbery - 30 years; Count II: Kidnapping - 30 years to run consecutively with sentence in Count VI; Count III: Kidnapping - 30 years to run consecutively with sentence in Counts

---

[1] The parties were required to file objections to the R and R on or before October 24, 2014. On Petitioner's Motion, the time for filing objections was extended to November 14, 2014. No objections have been filed, and the time for so doing has now expired.

[2] As Petitioner is proceeding in this case *pro se*, the allegations in his pleadings have been liberally construed. <u>See</u> <u>United States v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).

VI and II; Count IV: Kidnapping - 30 years to run consecutively with sentence in Counts VI, II, and III; Count V: Kidnapping - 30 years to run consecutively with sentence in Counts VI, II, III, and IV; COUNT I: Carjacking - 10 years to run consecutively with sentence in Counts VI, II, III, IV, and V.  Brassfield appealed, and his conviction and sentences were affirmed by the Mississippi Court of Appeals.  See Brassfield v. State, 905 So.2d 754 (Miss. Ct. App. 2004).  No further direct appeals were taken.

   Beginning in 2006, Brassfield filed several pleadings seeking post conviction relief in the state courts.  Brassfield was denied relief at the circuit court level on October 3, 2007.  On February 11, 2008, Brassfield filed a "Motion for a Leave to Prevent Being Time Barred", which was denied by the Mississippi Supreme Court on May 13, 2008.  On January 5, 2012, Brassfield filed an "Application for Leave to Proceed in the Trial Court", which the Mississippi Supreme Court denied as time barred on February 15, 2012.  On July 27, 2012, Brassfield filed another petition for writ of mandamus, which was denied by the Mississippi Supreme Court on August 27, 2013, on a finding that he had not first sought relief at the circuit court level.  On October 30, 2013, Brassfield filed another "Application for Leave to Proceed in the Trial Court", which the Mississippi Supreme Court denied as time barred, and on the grounds of res judicata, on December 2, 2013.

   On or about May 20, 2014, Brassfield filed the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("2254 Petition"), which is presently before the Court.  In

Case 3:14-cv-00405-WHB-RHW   Document 17   Filed 12/15/14   Page 3 of 5

response, the State of Mississippi, through its Attorney General Jim Hood, filed a motion seeking its dismissal on the grounds that it was untimely filed.  On review, United States Magistrate Judge Robert H. Walker entered a R and R, recommending that the Petition be dismissed as untimely.  See R and R [Docket No. 14].  In the R and R, Judge Walker found that the Judgment in Brassfield's criminal case became final on December 14, 2004, which was fourteen days after his conviction and sentence were affirmed on direct appeal.  Id. at 3.  To be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Brassfield was required to file his 2254 Petition on or before December 14, 2005.  As Brassfield did not file his 2254 Petition until May 20, 2014, Judge Walker found, and this Court agrees, that the Petition is time barred.  See 28 U.S.C. § 2244(d)(providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Walker then considered whether the applicable one-year limitations period was extended either (1) by one or more of the exceptions enumerated in 28 U.S.C. § 2244(d), or (2) by the doctrine of equitable tolling.  On these issues, Judge Walker found that the limitations period was not statutorily tolled because Brassfield did not file any pleadings seeking post conviction relief in the state courts before the one-year limitations period expired on December 14, 2015.  Id. at 3.  Next, Judge Walker found that Brassfield had failed to show that

equitable tolling should apply in this case.  See id. at 3-4.  Upon finding Brassfield's 2254 Petition was filed after the applicable one-year statute of limitations expired, and that the limitations period had not been statutorily or equitably tolled, Judge Walker recommended that the Motion to Dismiss be granted, and Brassfield's 2254 Petition be dismissed, with prejudice, as untimely.

After reviewing the R and R, to which no objection has been filed, as well as Brassfield's 2254 Petition and the other pleadings in this case, the Court agrees that the Petition is time barred and should be dismissed for that reason.  Accordingly, the Court will adopt Judge Walker's R and R recommending the dismissal of this case.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the October 7, 2014, Report and Recommendation of United States Magistrate Judge Robert H. Walker [Docket No. 14], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 7] is hereby granted.  A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 15th day of December, 2014.

<u>s/ William H. Barbour Jr.</u>
UNITED STATES DISTRICT JUDGE